JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TG CAPITAL LLC, a Nevada limited liability company, THANH VIET "JEREMY" CAO, an individual, and LODAVINA GROSNICKLE, an individual,<br><br>Defendants. | Case No. SACV07-579 CJC (ANx)<br><br>**[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF BY DEFAULT AGAINST DEFENDANT THANH VIET "JEREMY" CAO** |

This matter came on for hearing on the Motion by Plaintiff Securities and Exchange Commission ("Commission") for Entry of a Default Judgment against Defendant Thanh Viet "Jeremy" Cao ("Cao" or "Defendant"), made pursuant to Fed. R. Civ. P. 55(b)(2).  The Commission filed its motion following entry by the Clerk on July 13, 2007, of a Default against Cao pursuant to Fed. R. Civ. P. 55(a), based on his failure to plead or otherwise defend this action.  Although served with the Commission's motion papers, Cao has not opposed or otherwise responded to the motion.

Accordingly:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that paragraphs V, through IX of the Preliminary Injunction, which impose an asset freeze, require the preservation of evidence, require the repatriation of funds, and impose certain other requirements, shall continue to apply to Defendant and remain in full force and effect until further order of this Court, and the entirety of the Preliminary Injunction shall remain in full force and effect with respect to other defendants until further order of this Court.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. §

77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from the date of each offering, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter and over this Defendant for the purposes of enforcing the terms of this Judgment and to determine disgorgement, prejudgment interest, and any civil penalty.

Dated:  October 20, 2008        _____
                                HONORABLE CORMAC J. CARNEY
                                UNITED STATES DISTRICT JUDGE