JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TG CAPITAL LLC, a Nevada limited liability company, THANH VIET "JEREMY" CAO, an individual, and LODAVINA GROSNICKLE, an individual,<br><br>Defendants. | Case No. SACV 07-579 CJC (ANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION FOR ORDER TO SHOW CAUSE WHY DEFENDANT THANH VIET "JEREMY" CAO SHOULD NOT BE FOUND IN CONTEMPT OF THE COURT'S JUNE 18, 2007 PRELIMINARY INJUNCTION; DECLARATION OF JOHN M. McCOY III**<br><br>Date: December 29, 2008<br>Time: 1:30 p.m.<br>Place: Courtroom 9B<br>(Hon. Cormac J. Carney) |

I. **INTRODUCTION**

This Court issued a Temporary Restraining Order on May 22, 2007 and a Preliminary Injunction on June 18, 2007. Those orders prohibited defendant Thanh Viet "Jeremy" Cao from, inter alia, transferring or otherwise dissipating the substantial investor funds he controlled. Unfortunately, Cao willfully disregarded those orders. Between June 18 and August 31, 2007, Cao looted approximately $240,000 in investor funds from a brokerage account he controlled. The bulk of the funds appear to have been transferred to immediate family members and co-conspirators.

The Commission urges the Court to exercise its civil contempt authority to impose appropriate coercive sanctions on Cao to compel him to return the stolen money, account for all financial transactions he directly or indirectly effectuated during the existence of the asset freeze orders, and to refrain from future improper transfers of any other as-yet undiscovered funds.

II. **ARGUMENT**

    A. **This Court Imposed A Freeze On All Assets Controlled By Cao**

This Court's June 18, 2007 Preliminary Injunction imposed a broad asset freeze on Cao and his affiliates. Paragraph VI of the Preliminary Injunction imposed an immediate freeze on:

> all monies and assets . . . in all accounts at any bank, financial institution, or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which signatory authority is held by TG Capital, Cao, and Grosnickle, or any trust, partnership, joint venture, person or entity affiliated with any of the defendants . . .

\*

\*

1

Preliminary Injunction (Docket No. 18), Paragraph IV.[1]

    This Court also expressly enjoined Cao from:

> transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, negotiable instruments, or other real or personal property . . . of defendants TG Capital, Cao, and Grosnickle, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them . . .

Preliminary Injunction (Docket No. 18), Paragraph V.

### B.    The Applicable Legal Standard

    Courts have the inherent power to enforce compliance with their lawful orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966); *see also Young v. United States*, 481 U.S. 787, 793, 107 S. Ct. 2124, 95 L. Ed. 2d 740 (1987)). Courts have traditionally recognized that civil contempt is "wholly remedial" and is simply intended to coerce compliance with an order of the court. *Southern Railway Co. v. Lanham*, 403 F.2d 119, 124 (5th Cir. 1968); *see also McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949)).

    A party commits contempt when he or she violates a definite and specific court order which requires him or her to perform a particular act, with knowledge of the court's order. *See In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987); *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)). Violating an injunction against the sale or dissipation of

---

[1] The quoted portions of the Preliminary Injunction mirror similar provisions in the Court's preceding May 22, 2007 Temporary Restraining Order ("TRO"). *See* TRO, Docket No. 15.

2

assets is a recognized ground for a finding of contempt. *See, e.g., SEC v. Moss*, 644 F.2d 313, 316 (4th Cir. 1981).

In a civil contempt proceeding, the proof of contempt must be clear and convincing. *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). To make a *prima facie* showing of contempt, however, the government need only prove that the Defendant has failed to comply with a valid court order. *United States v. Rylander*, 460 U.S. 752, 755, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983). Once a *prima facie* case has been shown, the burden is on the defendant to come forward with evidence showing "categorically and in detail" why he or she is unable to comply. *Id.*

In a civil contempt proceeding, intent is not an issue: rather, the question is whether the defendant has complied with the court's order. *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983), *cert. denied*, 464 U.S. 1040 (1984); *Jim Walter Resources, Inc. v. International Union, UMW*, 609 F.2d 165, 168 (5th Cir. 1980).

### 1. Cao Is In Contempt Of The Asset Freeze Provisions Of The Preliminary Injunction

Cao received notice of the TRO and Preliminary Injunction. (*See* Docket No. 21, Proof of Service; Docket No. 14, Stipulation and Order rescheduling Preliminary Injunction Hearing; Docket No. 18, Preliminary Injunction.) Moreover, the Commission notified Cao through his counsel of record that it contends he is in contempt, and of the Commission's intent to file this motion. (McCoy Decl. ¶ 6 & Ex. 5.)

The Commission was able to freeze a number of bank accounts by serving copies of the TRO or Preliminary Injunction directly on the financial institutions holding those accounts. But it has since become clear that Cao also controlled other accounts that were not known to the Commission. Between July 1, 2007 and August 31, 2007 Cao smuggled more than $240,000 from an OptionsXpress, Inc. brokerage account he controlled. (*Id.*, ¶¶ 2-5 & Exs. 1-4.) Cao disbursed these

funds to a variety of recipients, including family members.  (*Id.*, Ex. 4.)

Cao's dispersal of these funds constituted a clear violation of the express terms of the Preliminary Injunction.  A *prima facie* case has therefore been established that Cao stands in contempt of this Court's Judgment.  A finding of civil contempt is proper in this case, particularly because the Commission and the Receiver are acting in the public interest by attempting to recover disgorgement from Cao.

### 2. Cao Should Be Order To Provide A Comprehensive Accounting And To Make All Reasonable Efforts to Secure The Return of Improperly Transferred Funds

There are several steps the Court can take to compel Cao to help mitigate the effect of his improper dispersal of funds.  First, Cao should be ordered to provide a complete accounting of all significant transactions he caused or participated in from 90 days prior to the issuance of this Court's TRO to the present.  Cao should be required to provide said accounting within 14 days, attest to its accuracy under oath, and provide copies to the Court, the Commission, and the Receiver.

Cao also should be required to return to the Receiver, or cause to be returned to the Receiver, all funds improperly transferred after the TRO was issued.  To the extent that any of the funds cannot be recovered at this time, the burden should lie with Cao to explain why they cannot be recovered and to demonstrate that he made all reasonable efforts to secure their recovery.[2]

### 3. Sufficiently Coercive Sanctions Should Be Imposed To Compel Cao To Comply With The Judgment

Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through

---

[2]   As some of the transferees are members of Cao's immediate family, he presumably can recover the bulk of the funds with relative ease.

4

obedience and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 114 S. Ct. 2552, 2557, 129 L. Ed. 2d 642 (1994).

Courts have wide discretion in fashioning remedies for instances of civil contempt. *See In the Matter of Dickinson*, 763 F.2d 84, 87 (2d Cir. 1985). A sufficiently coercive sanction should be imposed in order to compel a Defendant to comply with the court's disgorgement Judgment. Coercion may be achieved by the incarceration of each Defendant until he purges himself of the contempt. *Penfield Co. v. SEC*, 330 U.S. 585, 590, 67 S. Ct. 918, 91 L. Ed. 1870 (1947); *United States v. Professional Air Traffic Controllers Organization*, 678 F.2d 1, 4 (1st Cir. 1982); *In re Dinnan*, 625 F.2d 1146, 1149 (5th Cir. 1980). *See also International Business Machines Corp. v. United States*, 493 F.2d 112, 115 (2d Cir. 1973), *cert. denied*, 416 U.S. 995 (1974).

Courts have the authority to incarcerate under a civil contempt order pending compliance by the defendant. *In re Grand Jury Investigation*, 600 F.2d 420, 422 (3d Cir. 1979) ("[e]mbedded in Anglo-American law is the inherent power of the judiciary to coerce obedience to its orders by summarily holding a recalcitrant person . . . in civil contempt, and then imprisoning him until he complies"). In this particular instance, the imposition of the coercive sanction of a threat of incarceration to compel Cao to comply undo the effects of his prohibited dissipation of frozen assets is appropriate because he has wholly failed to pay $125,000 in disgorgement. This coercive sanction is likely the only way to ensure that Cao complies with the Court's order, as to date he has shown little compunction about ignoring the law and this Court's directives.

Imposition of incarceration would not leave Cao without a remedy, so long as he is afforded an opportunity to "purge" himself of the contempt. *See Penfield Co. v. SEC*, 330 U.S. at 590; *United States v. City of Providence*, 492 F. Supp. 602, 610 (D.R.I. 1980). The Commission respectfully suggests that if the Court finds

5

Cao in contempt, it issue a bench warrant for his arrest and order that he be incarcerated unless and until he (1) provides a comprehensive accounting of all asset transfers – regardless of the nominal ownership of the assets – initiated, caused, or requested by Cao at any time from June 20, 2007 to the present; (2) transfers to the receiver the sum of $241,687.75, which is the amount of the improper transfers from the OptionsXpress account (as well as any additional improper transfers he may have caused to occur); and/or (3) to the extent he is unable to secure the recovery of all of the funds, makes reasonable good-faith effort to secure the return of the funds from the transferees.

### III. CONCLUSION

For all the forgoing reasons, the Commission respectfully requests that this Court issue an Order to Show Cause why Cao should not be found in contempt of the Court's June 20, 2007 Preliminary Injunction.  The Commission further requests that this Court order that Cao and his counsel of record both appear in person at the hearing of this motion and any subsequent Order to Show Cause hearing.

Dated:  November 25, 2008           Respectfully submitted,

/s/ John M. McCoy III
John M. McCoy III
Attorney for Plaintiff
Securities and Exchange Commission

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On November 25, 2008, I caused to be served the document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION FOR ORDER TO SHOW CAUSE WHY DEFENDANT THANH VIET "JEREMY" CAO SHOULD NOT BE FOUND IN CONTEMPT OF THE COURT'S JUNE 18, 2007 PRELIMINARY INJUNCTION; DECLARATION OF JOHN M. McCOY III** upon the parties to this action addressed as stated on the attached service list:

[ ]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

    [ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

    [ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered such envelope/document to each addressee on the attached service list.

[ ]  **FEDERAL EXPRESS.** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]  **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date:  November 25, 2008        /s/ John M. McCoy III
                                                  John M. McCoy III

**SEC v. TG Capital, et al.**
**United States District Court – Central District of California**
**Case No. SACV07-579 CJC (ANx)**
**(LA-3373)**

<u>SERVICE LIST</u>

Jeffrey Bradpiece, Esq.* **(served by electronic mail)**
Jeffrey Bradpiece Law Offices
Skypark Office Center, Building 2
23440 Hawthorne Boulevard, Suite 120
Torrance, CA 90505
Telephone:  (310) 373-8766
Facsimile:  (310) 378-9679
Email:  bradpiecelaw3@aol.com
*Attorney for Defendants Thanh Viet "Jeremy" Cao and TG Capital, LLC*

Philip H. Dyson, Esq.* **(served by electronic mail)**
Philip H. Dyson Law Offices
8461 La Mesa Boulevard
La Mesa, CA 91941
Telephone:  (619) 462-3311
Email:  jldossegger@yahoo.com
*Attorney for Defendant Lodavina Grosnickle*

Robert B. Ericson, Esq. **(served by electronic mail)**
Cotton & Gundzik LLP
624 S. Grand Avenue, 22nd Floor
Los Angeles, CA 90017
Telephone:  (213) 312-1339
Email:  rericson@cgllp.com
*Attorney for Permanent Receiver John W. Cotton*

*Also served electronically through the CM/ECF system.