JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
Email: deanl@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  vs.<br><br>TG CAPITAL LLC, a Nevada limited liability company, THANH VIET "JEREMY" CAO, an individual, and LODAVINA GROSNICKLE, an individual,<br><br>       Defendants. | Case No. SACV07-579 CJC (ANx)<br><br>**[PROPOSED] JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT AND CIVIL PENALTIES BY DEFAULT AGAINST DEFENDANT THANH VIET "JEREMY" CAO** |

This matter came on for hearing on the Motion by Plaintiff Securities and Exchange Commission ("Commission") for Entry of a Default Judgment against Defendant Thanh Viet "Jeremy" Cao ("Cao" or "Defendant"), made pursuant to Fed. R. Civ. P. 55(b)(2). The Commission filed its motion following entry by the Clerk on July 13, 2007, of a Default against Cao pursuant to Fed. R. Civ. P. 55(a), based on his failure to plead or otherwise defend this action. Although served with the Commission's motion papers, Cao has not opposed or otherwise responded to the motion.

Accordingly:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

///
///

1

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that paragraphs V through IX of the Preliminary Injunction, which impose an asset freeze, require the preservation of evidence, require the repatriation of funds, and impose certain other requirements, shall continue to apply to Defendant and remain in full force and effect until further order of this Court, and the entirety of the Preliminary Injunction shall remain in full force and effect with respect to other defendants until further order of this Court.

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of $15,263,804.22, representing profits gained as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $3,663,999.69, for a total of $18,927,803.91. Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Thanh Viet "Jeremy" Cao as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury. Defendant's disgorgement obligation shall be deemed satisfied to the extent that he pays sums due and payable under any Order of Restitution entered against him in the matter of <u>United States v. Cao</u>, Criminal Case No. 3:10-cr-02217-LAB. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $260,000.00 pursuant to Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1), and Section 21(d)(3)(A) of the Exchange Act, 15 U.S.C. § 78u(d)(3)(A). Defendant shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities

and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Thanh Viet "Jeremy" Cao as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter and over this Defendant for the purposes of enforcing the terms of this Judgment.

Dated: May 9, 2011

_____

HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE